UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>            Plaintiff,<br><br>    v.<br><br>S. SAVOIE,<br><br>            Defendant. | Case No. 1:21-cv-01350-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)<br><br>(Doc. No. 6)<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>ORDER TO ASSIGN A DISTRICT JUDGE |

       Plaintiff Guillermo Trujillo Cruz, a prisoner incarcerated at Pelican Bay State Prison, initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 on September 9, 2021. (Doc. No. 1, "Complaint"). [1] Plaintiff seeks to proceed in this action *in forma pauperis*. (Doc. No. 6, IFP). For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes, and the Complaint does

---

[1] The Court takes judicial notice that Plaintiff filed another civil rights action against the same defendants setting forth virtually similar facts in *Cruz v. Savoie*, Case No. 1:21-cv-01552-DAD-GSA (E.D. Cal. Oct. 21, 2021). The district court adopted the findings and recommendations finding Plaintiff three strike status barred the action and the allegations in the complaint failed to meet the imminent danger exception. (*See* findings and recommendation dated October 25, 2021 (Doc. No. 5) and order dated November 22, 2021 adopting findings and recommendation). Thus, this case appears duplicative of the previously filed and dismissed action.

not establish that Plaintiff meets the imminent danger exception.

**BACKGROUND AND FACTS**

The Complaint identifies one defendant in the case caption: Officer S. Savoie, who Plaintiff states is a correctional officer at North Kern, in her individual and official capacities. (Doc. No. 1 at 1). The incident giving rise to the cause of action occurred while Plaintiff was incarcerated at North Kern State. (*Id.*). Plaintiff alleges Defendant Savoie fabricated a Rules Violation Report (RVR), Log No. 20006, dated April 27, 2016, against Plaintiff. (*Id*. at 2-6). Although not identified as a defendant on the caption of the Complaint, Plaintiff also alleges that correctional officer Ostrander found Plaintiff guilty of the RVR on April 27, 2016 and Ostrander's finding of Plaintiff's guilt in the RVR while knowing it was false/fabricated violated his due process clause under the Fourteenth Amendment. (*Id*.).

Plaintiff acknowledging he has had three or more cases dismissed that qualify as strikes under § 1915(g), contends he is at risk of imminent danger. (*Id.* at 2). Plaintiff states he has encountered "verbal threats" of "physical injury to his health and safety" at "numerous institutions." (*Id.*). Plaintiff further identifies incidents of "past attacks" from other inmates on November 1, 2013, August 11, 2016 at High Desert State Prison, and on November 14, 2020 at Kern Valley State Prison. (*Id.*). Plaintiff claims these various attacks were caused, at least in part, due to the false allegations in the RVR. (*Id*. at 1, 4, 5). Addressing what he qualifies as a "present threat," Plaintiff states he received a report from Sergeant R. Olivarez on April 1, 2021 that contained "safety concerns" that he "may be targeted for assault by members/or associates of the Mexican Mafia Security Threat Group-1." (*Id.* at 2). Plaintiff believes these "verbal threats" from prison officials show correctional staff is "using anonymous resources to do their 'dirty work' and intentionally set [him] up to be targeted to cover up their illegal misconduct." (*Id.* at 2-3). As relief, Plaintiff seeks declaratory relief and monetary damages in the amount of $80,000. (*Id*. at 7-8).

**APPLICABLE THREE STRIKE LAW**

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under

2

>this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

    For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

    Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger

3

exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, No. 19-17093, ___ F. 4th ___, 2022 WL 1073607, at *6 (9th Cir. Apr. 11, 2022) (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at *7 (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier times are immaterial, as are any subsequent conditions. *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov.

30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

## ANALYSIS

### A. Plaintiff has three or more qualifying strikes

A review of the Pacer Database reveals Plaintiff has filed at least 65 civil actions or appeals in a court of the United States. As noted above, Plaintiff acknowledges his three-strike status. (*See also* Doc. No. 1 at 2) (stating "I Guillermo Trujillo Cruz (Plaintiff) have accumulated three strikes under the Prison Litigation Reform Act (PLRA)"). Nonetheless, the Court identifies the following cases, although not exhaustive, which are properly deemed qualifying § 1915(g) strikes, entered before Plaintiff commenced the instant action:

| **Date of Order** | **Case Style** | **Disposition** |
|---|---|---|
| April 24, 2015 | *Trujillo[2] v. Sherman*, Case No. 1:14-cv-01401-BAM (PC), *aff'd*, *Trujillo v. Sherman*, 632 F. App'x 426 (9th Cir. 2016). | Order dismissing second amended complaint for failure to state a claim. |

---

[2] Plaintiff Guillermo Trujillo Cruz filed this action as Guillermo C. Trujillo.

5

| | | |
|---|---|---|
| June 6, 2016 | *Cruz v. Ruiz,* Case No. 1:14-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal., Jan. 6, 2016), *aff'd sub nom*, *Trujillo v. Ruiz*, 688 F. App'x 435 (9th Cir. 2017). | Order dismissing second amended complaint for failure to state a claim. |
| January 23, 2017 | *Cruz v. Gomez*, Case No. 1:15-cv-00859-EPG (PC), 2017 WL 1355872 (E.D. Cal., Feb. 3, 2017), *aff'd sub nom*, *Trujillo v. Gomez*, 698 F. App'x 368 (9th Cir. 2017). | Order dismissing second amended complaint for failure to state a claim. |
| September 18, 2019 | *Cruz v. Maldonado*, Case No. 1:18-cv-0696-LJO-JLT (PC), 2019 WL 3458658 (E.D. Cal. July 31, 2019) | Order adopting Findings and Recommendations dismissing first amended complaint for failure to state a claim. |

The Court also takes judicial notice of the United States Court of Appeals case: *Trujillo v. Gonzalez-Moran*, Case No. 17-15200 (9th Cir. 2017) (dismissed on August 21, 2017 as frivolous).  Plaintiff's three strike status has also been recognized in other actions filed against Defendant Savoie on virtually identical facts. *See* Order dated March 26, 2019 adopting report and recommendation and revoking Plaintiff's *in forma pauperis* status, and Order dated May 28, 2019 denying Plaintiff's motion for reconsideration regarding revocation of *in forma pauperis* status in case no. 1:17-cv-1474-DAD-BAM (Doc. Nos/ 26, 33, 35); and order dated June 23, 2022 adopting report and recommendation denying Plaintiff *in forma pauperis status* in case no. 1:20-cv-1720-JLT-GSA (Doc. Nos. 17, 28).  Thus, it is indisputable that Plaintiff has had three or more qualifying strikes for purposes of § 1915(g).

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical

1  injury as of the date the complaint is filed.  Liberally construing the Complaint, the allegations
2  asserted fail to meet § 1915(g)'s exception for imminent danger at the time Plaintiff filed this
3  action on September 9, 2021.

4  Plaintiff, as he has done in numerous other cases, including case number 1:20-cv-1720-
5  JLT-GSA, seeks to attribute the "past attacks" from other inmates on November 1, 2013, August
6  11, 2016 at High Desert State Prison, and on November 14, 2020 at Kern Valley State Prison to
7  the allegedly false RVR written by Defendant Savoie in 2016.  The law requires that there must
8  be a nexus between the imminent danger that Plaintiff alleges and the claims he asserts in the
9  instant complaint.  Plaintiff's argument that the past assaults could happen again, without more,
10 simply does not show imminent danger under § 1915(g).  It is mere conjecture that his prior
11 attacks are related to an April 2016 alleged false RVR.

12 In an attempt to identify a "present threat," Plaintiff states he received a second false RVR
13 report from Sergeant R. Olivarez on April 1, 2021 that contained "safety concerns" that he "may
14 be targeted for assault by members/or associates of the Mexican Mafia Security Threat Group-1."
15 (Doc. No. 1 at 2).  Plaintiff believes these "verbal threats" from prison officials show correctional
16 staff is "using anonymous resources to do their 'dirty work' and intentionally set [him] up to be
17 targeted to cover up their illegal misconduct." (*Id.* at 2-3).   Significant, however, is that Plaintiff
18 denies that he has any safety concerns in the exhibits he attaches to his Complaint.  In response to
19 being advised of "the possible threat" Plaintiff "adamantly denied having any safety and/or
20 enemy concerns by stating, 'I don't have any safety concerns.  I can go to any mainline' and
21 requested to remain housed on General Population (GP) facility." (Doc. No. 1 at 14).  Indeed,
22 Plaintiff signed the form and under the "comments" section immediately before his signature
23 wrote, "I have no safety concerns here at (KVSP) and will like to continue general population."
24 (*Id.*).

25 The availability of the imminent danger exception "turns on the conditions a prisoner
26 faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at
27 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see also Turner v. Allison*, No. 18-
28 cv-02061-YGR (PR), 2019 WL 1230437, at *2 (N.D. Cal. Mar. 15, 2019) ("None of these alleged

7

incidents of excessive force occurred at the prison[ ] where Plaintiff was incarcerated at the time he filed his complaint"); *Cruz v. Baker*, No. 1:18-CV-01641-LJO-SAB PC, 2018 WL 11241283, at *1 (E.D. Cal. Dec. 13, 2018) (finding past incidents of alleged excessive force by guard allegedly employed at former prison "do not meet the imminent physical danger exception under section 1915(g)"); *Bontemps v. Smith*, No. CV 15-8226-JFW (SP), 2016 WL 10894023, at *3 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U.S.C. Section 1915(g)'s exception for imminent danger of serious physical injury), *aff'd*, 708 F. App'x 360 (9th Cir. 2017).

By Plaintiff's own admission, he has no concerns for his safety when advised by Sergeant R. Olivarez in April 1, 2021. The allegedly false RVR issued by Defendant Savoie and Ostrander's guilt finding, which are the subject of this Complaint, occurred in 2016, over six years ago. Plaintiff's attempt to link various unrelated incidents to the RVR are speculative and conclusory and not "fairly traceable" to the allegedly unlawful conduct of Defendants Savoie or Ostrander. *Ray v. Lara,* 2022 WL 1073607, at *6. Moreover, the subject of the false RVR issued by Defendant Savoie is being litigated by Plaintiff in his other case at 1:19-cv-1024-DAD-HBK. Based on the foregoing, Plaintiff's broad allegations of danger are insufficient to warrant an exception to the three-strikes rule.

Based on the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

2. This action be DISMISSED without prejudice if, after affording Plaintiff an opportunity to pay the filing fee, he fails to pay the fee in the time provided.

It is further **ORDERED** that the Clerk of Court is DIRECTED to randomly assign a United States District Judge for consideration of these Findings and Recommendations.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)**

**days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE