UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>  v.<br><br>S. SAVOIE,<br><br>    Defendant. | Case No. 1:21-cv-01350-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 17, 18) |

  Pending before the Court is Plaintiff's "Motion for a 35-day Extension of Time to Respond to Findings and Recommendations" and subsequent objections to findings and recommendations both filed on December 1, 2022. (ECF Nos. 17, 18.) Considering the content of the motions, it appears Plaintiff actually seeks reconsideration of the Court's November 10, 2022 order adopting the findings and recommendations issued on July 29, 2022. (ECF Nos. 9, 16.)

  Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See United States v. Westland Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

  Based on a review of Plaintiff's motion, the Court construes the motion to seek relief from an order under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides relief from

a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a reasonable time. And, for reasons (1), (2), and (3) set forth above, the motion may be filed no more than a year after the entry of the judgment or order or the date of the proceeding. Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff has not established a sufficient reason under Rule 60(b) to warrant reconsideration of the Court's November 10, 2022 order adopting the July 29, 2022 findings and recommendations. (*See* ECF Nos. 17, 18.)

Accordingly:

1. Plaintiff's motion for reconsideration, (ECF Nos. 17, 18), is DENIED.

IT IS SO ORDERED.

Dated:   January 10, 2023

UNITED STATES DISTRICT JUDGE

2